**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| CALL OF THE WILD MOVIE, LLC, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0455 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| DOES 1-358, | : | | |
| | : | | |
| Defendants. | : | | |

### MEMORANDUM ORDER

#### GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO
#### TAKE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE

This matter comes before the court on the plaintiff's motion to leave to take discovery prior to the Rule 26(f) conference. The plaintiff, a filmmaker and holder of the copyright to the motion picture *Call of the Wild* ("the movie"), commenced this action alleging that the defendants copied and distributed over the Internet unauthorized copies of the movie. *See generally* Compl. The plaintiff sued the defendants as "Doe" defendants because the defendants' alleged conduct was committed using on-line pseudonyms rather than the defendants' actual names. *See* Pl.'s Mot. at 1.

The plaintiff now seeks leave to serve limited discovery prior to a Rule 26(f) conference on several non-party Internet Service Providers ("ISPs") solely to determine the defendants' identities. *See id.* at 1. The plaintiff avers that the ISPs to which the defendants subscribe and from which the defendants obtain Internet access will be able to inform the plaintiff of the defendants' true names and other identifying information. *See id.* at 1-2. More specifically, the plaintiff asserts that it has identified each defendant by a unique Internet Protocol ("IP") address assigned to that defendant by his or her ISP at the time of the defendant's allegedly infringing

activity. *See id.*, Ex. A ¶¶ 10-11.

Based on these representations, the court concludes that the plaintiff is entitled to take discovery to determine the Doe defendants' identities. *See Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) (observing that "[i]n similar copyright infringement cases brought by plaintiffs and other record companies against Doe defendants, courts have consistently granted plaintiffs' motions for leave to take expedited discovery"); *see also Twentieth Century Fox Film Corp. v. Does 1-9*, Civil Action No. 04-2006 (D.D.C. Dec. 15, 2006) (granting the plaintiffs' motion for leave to take discovery prior to the Rule 26(f) conference); *accord Lions Gate Films, Inc. v. Does 1-5*, Civil Action No. 05-0386 (D.D.C. Mar. 1, 2005); *Metro-Goldwyn-Mayer Pictures Inc. v. Does 1-10*, Civil Action No. 04-2005 (D.D.C. Nov. 23, 2004); *Caroline Records, Inc. v. Does 1-175*, Civil Action No. 04-2028 (D.D.C. Nov. 19, 2004); *UMG Recordings v. Does 1-199*, Civil Action No. 04-0093 (D.D.C. Mar. 11, 2004).

Accordingly, it is this 15th day of April, 2010, hereby

**ORDERED** that the plaintiff's motion for leave to take discovery prior to the Rule 26(f) conference is **GRANTED**; and it is

**FURTHER ORDERED** that the plaintiff may serve immediate discovery on the ISPs listed in Exhibit C to the plaintiff's motion to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each defendant, including his or her name, current and permanent address(es), telephone number(s), e-mail address(es), and Media Access Control address(es); and it is

**ORDERED** that the plaintiff may serve immediate discovery on any ISP identified by the same means detailed in the plaintiff's motion and the declarations attached as exhibits to the

motion, or identified as providing network access or online services to one or more Doe defendants, by an ISP upon whom a Rule 45 subpoena is served, for which an infringing download has allegedly been identified by an individual IP address, together with the date and time at which access to the torrent network by the IP address was allegedly made for the purpose of downloading an unlawful copy of the movie.  Any such Rule 45 subpoena shall seek information sufficient to identify each Doe defendant, including his or her name, address(es), telephone number(es), e-mail address(es), and Media Access Control address(es); and it is

**FURTHER ORDERED** that the plaintiff may serve a Rule 45 subpoena in the same manner as that described above to any ISP that is identified in response to a subpoena as a provider of Internet services to one of the Doe defendants; and it is

**ORDERED** that any information disclosed to the plaintiff in response to a Rule 45 subpoena may be used by the plaintiff solely for the purpose of protecting the plaintiff's rights as set forth in the complaint; and it is

**FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this Memorandum Order shall not assess any charge to the plaintiff before providing the information requested in the Rule 45 subpoena, nor shall the ISP assess a charge to the plaintiff in connection with IP addresses that are not controlled by that ISP, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual or for the ISP's internal costs incurred to notify the ISP's customers; and it is

**ORDERED** that any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such

billing summary and any costs claimed by such ISP; and it is

**FURTHER ORDERED** that if the ISP and/or any defendant seeks to move to quash any subpoena authorized by this Memorandum Order, that individual or entity shall do so before the return date of the subpoena, which shall be set for thirty days from the date of service of the subpoena; and it is

**ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash; and it is

**FURTHER ORDERED** that the plaintiff shall provide each ISP with a copy of this Memorandum Order.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge