UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CALL OF THE WILD MOVIE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-00455-RMU |
| | ) | |
| DOES 1 – 1,062 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THIRD PARTY TIME WARNER CABLE INC.'S MOTION TO QUASH OR MODIFY SUBPOENA**

Third party Time Warner Cable Inc. ("TWC") writes to apprise the Court of orders that were recently issued in related cases that may bear on TWC's motion to quash or modify the subpoena served on it by plaintiff in this case.  *See* Dkt. No. 7.

When TWC filed its motion, it filed motions simultaneously in three separate cases:  this case, as well as in *Achte/Neunte Boll etc. v. Does 1 – 4,577*, No. 1:10-cv-00453-RMC, and in *West Bay One, Inc. v. Does 1 – 1,653*, No. 1:10-cv-00481-RMC.  As explained in TWC's motion, these three cases are part of a series of related cases filed in this judicial district, and the issues raised in all three of TWC's motions are identical.  TWC sought to quash or modify all three subpoenas on the grounds that they violated agreements with plaintiff's counsel, and were highly burdensome because TWC at most could handle only 28 IP address lookups per month for all of plaintiff's counsel's cases combined.

Both *Achte* and *West Bay One* were assigned to Judge Collyer.  On June 30, 2010, Judge Collyer held a hearing on TWC's motions in both cases.  Judge Collyer made findings on the

record that "the burden on Time Warner to comply with the subpoena as issued by the plaintiff has been demonstrated to the Court's satisfaction and so at a minimum, we have to amend the terms of the subpoena if not quash." *See* Hearing Transcript (Attached at Exhibit A) at 44. Judge Collyer described plaintiff's subpoena demands as "overwhelming." *Id*. at 32.  She also ruled that "I think you should modify the subpoena to limit production by Time Warner to 28 names a month." *Id*. at 44-45.  Judge Collyer then entered orders granting TWC's motions and limiting TWC's burden to 28 IP address lookups per month, as well as ordering plaintiff to pay TWC's costs for each IP address looked up and for the costs of notifying subscribers.  *See* Exhibit B.

TWC recognizes that Judge Collyer's findings are not binding on this Court, but respectfully submits that her findings and orders are persuasive.[1]  TWC requests that this Court enter a similar order, and cap TWC's burden at 28 IP address lookups for all of plaintiff's counsel's cases combined because TWC has demonstrated that any more would cause it undue burden.

Respectfully submitted,

Date:  August 2, 2010

 /s/ Alexander Maltas
Alexander Maltas
LATHAM & WATKINS LLP
555 11th St. NW
Suite 1000
Washington, DC 20004

*Counsel for Time Warner Cable Inc.*

---

[1] If plaintiff's counsel had properly informed the Court that all of its cases were related, then of course all of TWC's motions would have been resolved together.

2