UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CALL OF THE WILD MOVIE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:10-cv-00455-RMU |
| ) | |
| DOES 1 – 358 ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF NON-PARTY TIME WARNER CABLE INC.'S MOTION TO QUASH SUBPOENA**

Non-party Time Warner Cable Inc. ("TWC") writes to apprise the Court of two recent developments that bear on TWC's motion to quash the subpoena served on it by the plaintiff in this case. This case is part of a series of essentially identical copyright infringement lawsuits being litigated around the country, and there are recent developments both from this Court and from another federal court adjudicating parallel cases.

*First*, Judge Collyer of this Court recently entered an order in two companion cases to this one that directed plaintiff to state affirmatively the Court's jurisdiction over the Doe defendants or else dismiss them. *See* Order, *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC, Dkt. No. 143 (D.D.C. Nov. 19, 2010); Order, *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC, Dkt. No. 58 (D.D.C. Nov. 19, 2010) (attached as Exhibit 1). Plaintiff's counsel in this case is the same as in those cases, and its response to these orders is quite telling. In *Achte/Neunte*, plaintiff's counsel filed an amended complaint that identified by name only one defendant over whom the Court has jurisdiction. In *West Bay One*, plaintiff's counsel filed an amended complaint that identified by name only two

defendants over whom the Court has jurisdiction.  Once pressed on jurisdiction, plaintiff's counsel dismissed over 5,300 Doe defendants in those two cases.  That response should compel quashing the subpoena served on TWC in this case, because plaintiff's counsel has been on affirmative notice since at least June, 2010 that TWC *has zero subscribers in the District of Columbia*, and thus zero subscribers within the jurisdiction of this Court.

*Second*, the U.S. District Court for the Northern District of West Virginia recently issued orders in seven copyright cases that are identical in all material respects to the instant case.  The court ordered dismissal of all but one John Doe defendant in each of the seven cases before it, on the ground that joinder of hundreds or thousands of defendants is improper.  *See* Orders, *Third World Media, LLC v. Does 1,243*, No. 3:10-cv-00090-JPB, Dkt. No. 66 (Dec. 15, 2010); *Patrick Collins, Inc. v. Does 1-281*, No. 3:10-cv-00091-JPB, Dkt. No. 42 (Dec. 15, 2010); *Patrick Collins, Inc. v. Does 1-118*, No. 3:10-cv-00092-JPB, Dkt. No. 42 (Dec. 15, 2010); *West Coast Productions, Inc. v. Does 1-2,010*, No. 3:10-cv-00093-JPB, Dkt. No. 44 (Dec. 15, 2010); *West Coast Productions, Inc. v. Does 1-535*, No. 3:10-cv-00094-JPB, Dkt. No. 45 (Dec. 15, 2010); *Combat Zone, Inc. v. Does 1-1,037*, No. 3:10-cv-00095-JPB, Dkt. No. 71 (Dec. 15, 2010); *Combat Zone, Inc. v. Does 1-245*, No. 3:10-cv-00096-JPB, Dkt. No. 28 (Dec. 15, 2010) (attached as Exhibit 2).  The Court also noted that any individually-filed actions could proceed "only against Does with IP addresses of computers located within" the jurisdiction.  *Id*. at 5 n.2.  The Court consequently quashed all outstanding subpoenas that did not relate to the one remaining Doe defendant.  *Id*.

That reasoning has equal application to this case.  As TWC explained in its motion to quash, the complaint in this case alleges only that different defendants, at different times and different locations, using different computers and different Internet Service Providers, each

3

allegedly made available for distribution the same movie. As the West Virginia district court correctly held, Rule 20 does not permit joinder of defendants in such circumstances. Moreover, TWC has zero subscribers in the District of Columbia, which would require quashing the subpoena issued to TWC under the West Virginia district court's reasoning. TWC respectfully submits that the West Virginia district court's rulings are correct, and requests that this Court consider those rulings as persuasive authority.

December 17, 2010                                    Respectfully submitted,


/s/ Alexander Maltas
Alexander Maltas (D.C. Bar No. 490099)
LATHAM & WATKINS LLP
555 11th St. NW
Suite 1000
Washington, DC 20004
(202) 637-2200
alexander.maltas@lw.com

*Counsel for Time Warner Cable Inc.*

**CERTIFICATE OF SERVICE**

I, Alexander Maltas, certify that on December 17, 2010, I served the foregoing "Notice of Supplemental Authority in Support of Non-Party Time Warner Cable Inc.'s Motion to Quash Subpoena" along with the accompanying exhibits via the Court's CM/ECF system and that service will be accomplished by the CM/ECF system.

December 17, 2010                                  /s/ Alexander Maltas
                                                   Alexander Maltas (D.C. Bar #490099)