UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CALL OF THE WILD MOVIE, LLC | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CA. 1:10-cv-00455-RMU |
| | ) |
| DOES 1 – 1,062 | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO MEMORANDUM OF *AMICI CURIAE* [DOC. NO. 18]**

Plaintiff submits this opposition to the memorandum and authorities submitted by certain *amici curiae* in support of third party Time Warner Cable's motion to quash or modify subpoena.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"Call of the Wild"* (the "Movie"), over the Internet. When it filed its Complaint, Plaintiff was only able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on March 19, 2010 and named Does 1-358 as Defendants. [Doc. No. 1][1] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f)

---

[1] Plaintiff's First Amended Complaint was filed on May 12, 2010 and named Does 1-1,062 as Defendants. [Doc. No. 6]

1

Conference, which was granted by this Court on April 15, 2010. [See Doc. Nos. 2, 4] Thereafter, Plaintiff served subpoenas on the non-party ISPs.

In response to the subpoena served on it, Time Warner Cable (TWC) filed a motion to quash or modify the subpoena, which is still pending. [See Doc. No. 7] As part of its Motion, TWC asserted numerous arguments that have no relevance on a motion to quash and for which it has no standing to assert, namely that the Doe Defendants are improperly joined and that the Court lacks personal jurisdiction over the Doe Defendants. The *amici* primarily advance these same arguments and also argue that the First Amendment somehow provides protection to the Doe Defendants' alleged copyright infringement activities. However, none of these arguments justify quashing any subpoena or any other action by the Court.

Most significantly, these exact arguments have been addressed and rejected in the *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC and *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC cases pending in front of Judge Collyer. There, Judge Collyer accepted numerous briefings and held a hearing on the exact same arguments from the exact same *amici* and from TWC. Judge Collyer dispelled with the arguments related to personal jurisdiction and the First Amendment and ordered "that, at this juncture, the numerous Doe Defendants are not severed due to misjoinder." [Doc. No. 17-1; see Doc. No. 15-1 (hearing transcripts)] At the time Judge Collyer made her orders, those cases were at the same juncture this case is now.

For the convenience of the Court, Plaintiff hereby adopts, relies upon, and incorporates by reference Plaintiff's previously filed briefs and the briefs filed by the plaintiffs in the cases in front of Judge Collyer. Attached as Exhibit 1 hereto is Plaintiff's previously submitted

opposition to various motions to quash and motions to dismiss [2], which includes a statement of good cause addressing the joinder issue (Doc. No. 20 in *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC).[3] This opposition addresses all of the issues raised by the *amici*.

First, on the joinder issue, to briefly summarize Plaintiff's position, because of the nature of the "torrent" file sharing alleged by Plaintiff, all Doe Defendants have jointly engaged in the same series of transactions to infringe Plaintiff's copyrights. Further, because Plaintiff is still conducting discovery to identify the Doe Defendants, any severance under Rule 20 is premature.

Second, on the personal jurisdiction issue, to briefly summarize Plaintiff's position, the *amici* and TWC have no standing to assert personal jurisdiction arguments, an issue that is completely irrelevant on a motion to quash. Further, any analysis of the Court's personal jurisdiction over a particular Doe Defendant is premature until Plaintiff names that Doe Defendant. See Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004) (rejecting the exact same argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature).[4]

Lastly, on the First Amendment issue, to briefly summarize Plaintiff's position, the *amici* and TWC again have no standing to assert personal jurisdiction arguments, an issue that should be reserved for the Doe Defendants. Further, a person using the Internet to distribute or download copyrighted material without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558

---

[2] Plaintiff's opposition to these motions was sent to the Court via the generic email, as the motions to quash and motions to dismiss have not been docketed yet.

[3] A nearly identical brief was filed in *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC (Doc. No. 29).

[4] It should also be noted that the documents filed by the *amici* in this case were exactly the same as those filed by the same *amici* in Sony Music Entertainment Inc. v. Does 1-40.

F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

      Lastly, Plaintiff has already shown good cause to obtain the discovery, as Plaintiff cannot identify the Doe Defendants and prosecute its case without the discovery. Additionally, Plaintiff has made a prima facie showing that the Doe Defendants did infringe Plaintiff's copyrights, showing that Plaintiff's suit can withstand a motion to dismiss. Therefore, the Court should deny TWC's motion, disregard the *amici's* briefs and involvement in this case, and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

                              Respectfully Submitted,

                              CALL OF THE WILD MOVIE, LLC

**DATED**: January 13, 2011

                  By:   /s/
                              Thomas M. Dunlap (D.C. Bar # 471319)
                              Nicholas A. Kurtz (D.C. Bar # 980091)
                              DUNLAP, GRUBB & WEAVER, PLLC
                              1200 G Street, NW Suite 800
                              Washington, DC 20005
                              Telephone: 202-316-8558
                              Facsimile: 202-318-0242
                              tdunlap@dglegal.com
                              nkurtz@dglegal.com
                              *Attorney for the Plaintiff*