**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CALL OF THE WILD MOVIE, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00455-RMU** |
| | ) | |
| **DOES 1 – 1,062** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# PLAINTIFF'S STATUS REPORT PURSUANT TO COURT'S MINUTE ORDER OF 01/03/11

Plaintiff submits this statement to apprise the Court of its current posture regarding its identification and service of the Doe Defendants pursuant to the Court's Minute Order of January 3, 2011.[1]

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"Call of the Wild*" (the "Movie"), over the Internet. When it filed its Complaint, Plaintiff was only able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet

[1] The Court's Minute Order stated: "On July 20, 2010, the plaintiff requested a 120-day extension in which to effectuate service or voluntarily dismiss this case without prejudice. The court observes that more than 120 days have passed since that time. Upon consideration of the plaintiff's motion and good cause shown for why the plaintiff had not yet served the defendants, the court hereby GRANTS the plaintiff's [13] motion for extension of time to name and serve defendants, nunc pro tunc to July 20, 2010. Because the 120 day period has now passed, however, the court orders that the plaintiff file a status report by January 17, 2010 advising the court of its current posture regarding its identification and service of the Doe defendants in this case."

access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on March 19, 2010 and named Does 1-358 as Defendants. [Doc. No. 1][2] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on April 15, 2010. [See Doc. Nos. 2, 4] Thereafter, Plaintiff served subpoenas on the non-party ISPs.

Plaintiff has received information from some of the ISPs but not all of them. More specifically, Plaintiff has not received information from AT&T/SBC/Bellsouth, for which Plaintiff requested identification of 25 IP addresses. Plaintiff anticipates production from AT&T/SBC/Bellsouth on January 31, 2011. Further, Plaintiff has not received any information from Time Warner Cable, as it has filed a motion to quash or modify the subpoena served on it, and that motion is still pending. [Doc. No. 7]

Additionally, the production of information for certain IP addresses has been withheld by two ISPs, Comcast and Cox. That information was withheld because of motions to quash filed by certain Doe Defendants. At the time of this filing, those motions to quash have not been docketed and are still considered pending by the ISPs.

Lastly, Plaintiff has sent, and anticipates sending additional, correspondence to the Doe Defendants identified by the ISPs in an attempt to settle with those Doe Defendants before naming and serving them and reduce further litigation.

Therefore, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case. Accordingly, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has

[2] Plaintiff's First Amended Complaint was filed on May 12, 2010 and named Does 1-1,062 as Defendants. [Doc. No. 6]

received the identifying information for all of the Defendants. In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[3]

Respectfully Submitted,

CALL OF THE WILD MOVIE, LLC

**DATED**: January 13, 2011

By: /s/

Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*

[3] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).