**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALL OF THE WILD MOVIE, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 10-0455(BAH)<br>Judge Beryl A. Howell |
| DOES 1-1,062 | |
| Defendants. | |

## ORDER

On March 19, 2010, plaintiff Call of the Wild Movie, LCC filed a Complaint against 358

unidentified individuals for illegally infringing plaintiff's copyright in the motion picture *Call of*

*the Wild* using a file-sharing protocol called BitTorrent. Compl. ¶ 3, ECF No. 1. The plaintiff

subsequently filed an Amended Complaint adding 704 putative defendants and bringing the total

number of such defendants to 1,062. Am. Compl., May 12, 2010, ECF No. 6. The plaintiff does

not know the names and addresses of the putative defendants, but lists in Exhibit A to the

Amended Complaint the Internet Protocol (IP) addresses of the putative defendants, along with

the date and time that they allegedly infringed plaintiff's copyright. *Id.* at ¶ 8, Ex. A.

Shortly after initiating this case, the plaintiff moved, on March 24, 2010, to subpoena

Internet Service Providers ("ISPs") for identifying information for the putative defendants listed

in Exhibit A to the Complaint. Pl.'s Mot. for Leave to take Disc. Prior to Rule 26(f) Conf., Mar.

24, 2010, ECF No. 2. The Court granted plaintiff's motion, allowing the plaintiff to subpoena

ISPs to obtain identifying information for the Doe defendants, and setting the return date of the

subpoenas issued to ISPs for thirty days from the date of service.  Order Granting the Plaintiff's

Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, Apr. 15, 2010, ECF No. 4

(Urbina, J.) ("April 15, 2010 Expedited Discovery Order").  Since issuance of the April 15, 2010

Expedited Discovery Order, the plaintiff has received identifying information about some but not

all of the putative defendants.  Pl.'s Mot. for an Extension of Time to Name and Serve, July 20,

2010, ECF No. 13, at 4.

      Under Federal Rule of Civil Procedure 4(m), the plaintiff was required to serve defendants

by July 17, 2010, which is the date within 120 days of filing its original Complaint.  On July 20,

2010, plaintiff requested an additional 120 days, until November 17, 2010, to name and serve the

defendants because the plaintiff had yet to receive identifying information for all defendants listed

in the plaintiff's Amended Complaint.  *Id.*  On January 3, 2011, the Court granted this motion

*nunc pro tunc* by Minute Order.  Minute Order, Jan. 3, 2011 (Urbina, J.).

      In the January 3, 2011 Minute Order, the Court further observed that "[b]ecause the 120

day period has now passed, however, the court orders that the plaintiff file a status report by

January 17, 2010 advising the court of its current posture regarding its identification and service

of the Doe defendants in this case."  *Id.*  Pursuant to this Minute Order, the plaintiff filed a status

report on January 13, 2011 informing the Court that the plaintiff had "received information from

some of the ISPs but not all of them" and "request[ed] that the Court extend the time by which

Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has

received the identifying information for all of the Defendants."  Pl.'s Status Report Pursuant to

Court's Minute Order of 01/03/11, Jan. 13, 2011, ECF No. 20, at 2-3.  Although plaintiff

indicated informally that it would like an extension of time to name and serve the putative

defendants, the plaintiff has filed no formal motion requesting an extension. *See* FED. R. CIV. P. 7(b)(1)("A request for a court order must be made by motion.").

Since plaintiff filed its original and Amended Complaint, it has not named a single defendant in this action. Nevertheless, seven "Interested Parties" have filed motions to, *inter alia*, dismiss the allegations against them.  *See* ECF Nos. 26, 28-33, 42.

 On March 1, 2011, during oral argument on Time Warner Cable's Motion to Quash, this Court inquired into the status of discovery in the case and directed the plaintiff to file a status report.  Plaintiff filed a status report on March 11, 2011.

The January 13 and March 11, 2011 status reports filed by the plaintiff raise two issues that prompt the instant order. First, the plaintiff in its March 11 report repeats its informal request for "additional time to name and serve the 250 IP addresses for which Plaintiff Call of the Wild has yet to receive identifying information." Pl.'s Consolidated Status Report Pursuant to the Court's Direction of 3/1/11, Mar. 11, 2011, ECF No. 37, at 2 ("March 11, 2011 Status Report"). The plaintiff fails to address in this status report the most glaring issue with the current posture of this matter, namely, that the plaintiff's time to name and serve defendants expired on November 17, 2010, and no requisite motion requesting an extension of time has yet been filed with the Court. *See* FED. R. CIV. P. 7(b)(1).

Second, the plaintiff also stated that it "does not wish to name any of the IP addresses for which it has received identifying information as Defendants [and] is willing to voluntarily dismiss, without prejudice, all IP addresses for which it has received identifying information as of the date of this report." March 11, 2011 Status Report, at 2. Yet, the plaintiff has made no motion nor presented the Court with a proposed order to effectuate the dismissal of these

putative defendants. Among the putative defendants against whom the plaintiff does not intend to proceed in this jurisdiction, are presumably some, if not all, of the Interested Parties who have pending motions before this Court.

Accordingly, having reviewed plaintiff's status reports, ECF Nos. 20, 37, and recognizing the number of pending motions filed by Interested Parties, it is hereby

**ORDERED** that on or before April 15, 2011, the plaintiff shall show good cause why the Amended Complaint should not be dismissed without prejudice, for failure to name and serve defendants in a timely manner since time for such service has expired and no timely motion for an extension of time has been filed, *see* FED. R. CIV. P. 4(m); and it is further

**ORDERED** that the submission in response to the above-referenced Order to Show Cause, if opposing dismissal of the Amended Complaint, shall include a proposed order dismissing by name and address, if available, and by IP address, each putative defendant listed in Exhibit A to plaintiff's Amended Complaint, ECF No. 6, whom the plaintiff does not intend to sue for copyright infringement in this jurisdiction, together with a statement whether any such dismissed putative defendant has filed a motion or other document as an Interested Party in this action, with the associated ECF docket number that relates to such motion or other document; and it is further

**ORDERED** that the submission in response to the above-referenced Order to Show Cause, if opposing dismissal of the Amended Complaint, shall include (1) a motion for leave to file a Second Amended Complaint that names, with full name and address, only those individuals listed in Exhibit A of its First Amended Complaint, ECF No. 6, whom the plaintiff intends to sue for copyright infringement in this jurisdiction, or as putative defendants the IP addresses identified in Exhibit A of plaintiff's First Amended Complaint, ECF No. 6, for whom the

plaintiff has no identifying information, but over whom plaintiff reasonably believes the Court

has personal jurisdiction; and (2) a motion for leave of Court, upon a showing that justice so

requires, *see* FED. R. CIV. P. 15(a)(2), should the plaintiff seek to name in the Second Amended

Complaint any named or putative defendant for whom an IP address was not listed in Exhibit A

to the Amended Complaint.

       **SO ORDERED**.

April 4, 2011

                              /s/ *Beryl A. Howell*
                              BERYL A. HOWELL
                              United States District Judge