**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**CALL OF THE WILD MOVIE, LLC )**
**)**
**Plaintiff, )**
**)**
**v. ) CA. 1:10-cv-00455-BAH**
**)**
**DOES 1 – 1,062 )**
**)**
**Defendants. )**
**)**

**PLAINTIFF'S RESPONSE TO COURT ORDER TO SHOW CAUSE [DOC. NO. 46]**

I. INTRODUCTION

Plaintiff files this response to the Court's Order of April 4, 2011. [Doc. No. 46]

Pursuant to the Court's Order:

> the plaintiff shall show good cause why the Amended Complaint should not be dismissed without prejudice, for failure to name and serve defendants in a timely manner since time for such service has expired and no timely motion for an extension of time has been filed….

[Doc. No. 46 at p. 4]

To briefly summarize Plaintiff's case again, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, "*Call of the Wild*" (the "Movie"), over the Internet. When the suit was filed, Plaintiff did not know the names of the alleged infringers but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringements. In order to discover the actual names of the Doe Defendants, Plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses.

However, Plaintiff has not yet received information from all of the ISPs identifying all of the Doe Defendants.[1] Most notably, Plaintiff has not received information from Time Warner Cable, as the Court only recently ruled on Time Warner Cable's motion to quash the subpoena. Additionally, Plaintiff has not received information for some Doe Defendants who have filed motions with the Court. Therefore, Plaintiff respectfully requests that the Court not dismiss the First Amended Complaint. Plaintiff respectfully requests that the Court grant Plaintiff leave to file a Second Amended Complaint pursuant to Plaintiff's motion for leave filed concurrently herewith.

## II. ARGUMENT

### A. UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period." Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in

[1] Because Plaintiff has not yet named or served a Defendant in this case, Plaintiff has not served this statement on any Doe Defendant and, accordingly, does not attach a certificate of service.

absence of good cause. See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[2]

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the

[2] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

B. PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff has good cause why it has not named and served the Defendants in this case yet. Plaintiff's Complaint was filed on March 19, 2010 and named Does 1-358 as Defendants. [Doc. No. 1][3] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court. [See Doc. Nos. 2 and 4] However, Plaintiff's ability to serve any subpoenas on the ISPs was postponed by a motion to quash filed by Time Warner Cable and similar motions filed in similar cases pending in this Court.[4] After resolution in those cases, Plaintiff served subpoenas on the non-party ISPs in this case, requesting various production dates.

On July 20, 2010, Plaintiff filed a motion for an extension of time to name and serve the Defendants. [Doc. No. 13] On January 3, 2011, the Court (Judge Urbina) granted Plaintiff's motion for an extension via a minute order and required Plaintiff to file a status report. Plaintiff

---

[3] On May 12, 2010, Plaintiff filed its First Amended Complaint in this case. [Doc. No. 6] Plaintiff's First Amended Complaint names Does 1-1,062 as Defendants and specifically identifies all of the IP addresses for which Plaintiff is seeking discovery. [See Doc. No. 6-1]

[4] Again, one of the reasons for the overall delay in this case was a similar motion to quash filed by Time Warner Cable and a motion for leave to file an amicus brief filed by certain organizations in similar cases pending before this District Court (*Achte/Neunte Boll Kino Beteiligungs GMBH & Co KG v. Does 1-2,094*, Case No. 1:10-cv-00453-RMC; *West Bay One, Inc. v. Does 1-2,000*, Case No. 1:10-cv-00481-RMC). Because those filings challenged the validity of subpoenas and the styling of the cases, Plaintiff's counsel agreed to withhold serving subpoenas in this case until a ruling was made in the other cases.

timely filed the status report advising the Court of its posture regarding its identification and service of the Doe Defendants in this case. [Doc. No. 20]

First, good cause exists for a further extension because Plaintiff has not received information from all of the ISPs for all of the IP addresses. More precisely, Plaintiff has not yet received information from Time Warner Cable because of its motion to quash. [See Doc. Nos. 18, 21, 22, 24, and 25] On March 22, 2011, the Court issued a Memorandum Opinion and Order denying Time Warner Cable's motion to quash. [Doc. Nos. 40 and 41] Plaintiff's counsel is informed that Time Warner Cable is in the process of completing its identifying process for the subpoena and notifying its subscribers before production of the information is made to Plaintiff.

Second, good cause exists for a further extension because various Doe Defendants have filed motions to quash the subpoenas or dismiss based on various arguments. [See e.g., Doc. Nos. 26, 28-33, and 42] Those motions are still pending, and Plaintiff cannot receive the identifying information for those Doe Defendants until the motions are resolved by the Court.[5] Additionally, identifying information for certain IP addresses has been withheld by two ISPs, Comcast and Cox, based on motions received by those ISPs.[6]

The IP addresses for which production has been withheld are as follows: Comcast - 66.176.243.120, 71.206.200.244, 76.115.254.202, 76.30.155.177, 174.50.196.66, 67.187.121.104, 67.166.190.15, 71.229.180.196, 68.35.212.182, 71.236.223.37, 67.174.88.3;

---

[5] While some motions include some identifying information for the Doe Defendants, Plaintiff respectfully requests that the Court allow Plaintiff to proceed with a determination of those motions so that, assuming the motions are denied, Plaintiff can obtain the official production from the ISPs in order to verify that identifying information and potentially satisfy any evidentiary obligations for those particular infringements.

[6] Plaintiff's counsel is informed that most ISPs withhold production of identifying information when the ISP receives a written objection or motion from a Doe Defendant. On many occasions, these motions are not filed with the Court or served on Plaintiff's counsel.

Cox - 98.169.27.182, 174.71.119.181, 68.10.91.194. IP address 67.174.88.3 (Comcast) is associated with the motion filed as Doc. No. 31. IP address 68.10.91.194 (Cox) is associated with the motion filed as Doc. No. 33. Because some of the filed motions do not identify the IP address at issue or the Doe Defendant, Plaintiff cannot ascertain whether any of the remaining withheld IP addresses are associated with any of the filed motions.

Further, the Defendants will not be prejudiced by a further extension in naming and serving them. Concurrently herewith, Plaintiff is filing a notice of voluntary dismissal and proposed order dismissing all of the Doe Defendants except those sought to be included in Plaintiff's Second Amended Complaint. Again, the only Doe Defendants that Plaintiff seeks to maintain in this case are those IP addresses associated with Time Warner Cable and those IP addresses for which production was withheld by Comcast and Cox. Accordingly, to the best of Plaintiff's knowledge, the only Doe Defendant Plaintiff seeks to dismiss in its Notice of Voluntary Dismissal, filed concurrently herewith, that has filed a motion or other document as an Interested Party in this case is IP address 71.204.228.55 – Doc. No. 29.

Lastly, Plaintiff recognizes that its requests for further extensions made in its status reports do not amount to formal motions. However, Plaintiff's counsel attempted to present this issue in the format it believed was being requested by the Court, i.e. status reports specifically identifying the progress of the case. Plaintiff's counsel respectfully submits that Plaintiff's case should not be dismissed based on its counsel's failure to file a formal motion. Overall, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case.

III. CONCLUSION

For all of the foregoing reasons, good cause exists for the Court to extend the time for Plaintiff to name and serve the Defendants. In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[7]

Plaintiff respectfully requests that the Court allow Plaintiff to proceed with the subpoena served on Time Warner Cable. Plaintiff also respectfully requests that the Court allow Plaintiff to obtain a determination on the outstanding motions so that, assuming those motions are denied, Plaintiff can obtain the productions from Comcast and Cox for those IP addresses.

Respectfully Submitted,

CALL OF THE WILD MOVIE, LLC

DATED: April 15, 2011

By: /s/______________________________

Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*

7 If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).