**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CALL OF THE WILD MOVIE, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00455-BAH** |
| | ) | |
| **DOES 1 – 1,062** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

I. INTRODUCTION

Plaintiff files this motion in response to the Court's Order of April 4, 2011.  [Doc. No. 46]  Pursuant to the Court's Order:

> the submission in response to the above-referenced Order to Show Cause, if opposing dismissal of the Amended Complaint, shall include (1) a motion for leave to file a Second Amended Complaint that names, with full name and address, only those individuals listed in Exhibit A of its First Amended Complaint, ECF No. 6, whom the plaintiff intends to sue for copyright infringement in this jurisdiction, or as putative defendants the IP addresses identified in Exhibit A of plaintiff's First Amended Complaint, ECF No. 6, for whom the plaintiff has no identifying information, but over whom plaintiff reasonably believes the Court has personal jurisdiction; and (2) a motion for leave of Court, upon a showing that justice so requires, see FED. R. CIV. P. 15(a)(2), should the plaintiff seek to name in the Second Amended Complaint any named or putative defendant for whom an IP address was not listed in Exhibit A to the Amended Complaint.

[Doc. No. 46 at pp. 4-5]

To briefly summarize Plaintiff's case again, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"Call of the Wild"* (the "Movie"), over the Internet.  When the suit was filed, Plaintiff did not know the names of the alleged infringers but had identified the Internet Protocol ("IP") addresses of the computers

associated with the infringements.  In order to discover the actual names of the Doe Defendants,

Plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified

IP addresses.

However, Plaintiff has not yet received information from all of the ISPs identifying all of

the Doe Defendants.[1]  Most notably, Plaintiff has not received information from Time Warner

Cable, as the Court only recently ruled on Time Warner Cable's motion to quash the subpoena.

Additionally, Plaintiff has not received information for some Doe Defendants who have filed

motions with the Court.  Therefore, Plaintiff respectfully requests that the Court grant Plaintiff

leave to file a Second Amended Complaint pursuant to this motion and Plaintiff's response to the

Order to Show Cause filed concurrently herewith.


II. ARGUMENT

      A.     STANDARDS ON LEAVE TO AMEND

Leave to amend a complaint under Rule 15(a) shall be "freely give[n] … when justice so

requires."  Fed. R. Civ. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9

L.Ed.2d 222 (1962); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.D.C. 1996).  While the

district court has discretion to grant or deny leave to amend, it is an abuse of discretion to deny

leave to amend unless there is sufficient reason, such as "undue delay, bad faith or dilatory

motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of

amendment."  Foman, 371 U.S. at 182, 83 S.Ct. at 230; Firestone, 76 F.3d at 1208.

---

[1] Because Plaintiff has not yet named or served a Defendant in this case, Plaintiff has not served
this motion on any Doe Defendant and, accordingly, does not attach a certificate of service.

B.      JUSTICE REQUIRES THAT PLAINTIFF HAVE THE ABILITY TO FILE A

SECOND AMENDED COMPLAINT.

Pursuant to Plaintiff's response to the Order to Show Cause filed concurrently herewith,

Plaintiff has good cause why it should be granted leave to pursue the IP addresses it seeks to

include in its Second Amended Complaint.  More precisely, Plaintiff has not yet received

information from Time Warner Cable because of its motion to quash.  Additionally, Plaintiff has

not received the productions from Comcast and Cox for various Doe Defendants who have filed

or served those ISPs with motions to quash the subpoenas or dismiss based on various

arguments.

The IP addresses for which Plaintiff seeks to include in its Second Amended Complaint

as Doe Defendants are attached as Exhibit A to the proposed Second Amended Complaint filed

concurrently as Exhibit 1 hereto.  All of these IP addresses were identified in Exhibit A to

Plaintiff's First Amended Complaint (Doc. No. 6-1),[2] are IP addresses for which Plaintiff has not

received the production from the associated ISP,[3] and are IP addresses for which Plaintiff

believes it can reasonably assert personal jurisdiction over in this Court.  Further, Plaintiff seeks

to name two individual Defendants in its Second Amended Complaint.

---

[2]  Accordingly, Plaintiff is not seeking leave of Court to name any additional IP addresses in its
Second Amended Complaint that were not identified in its First Amended Complaint.

[3]  While some of the filed motions include some identifying information for the Doe Defendants,
Plaintiff respectfully requests that the Court allow Plaintiff to proceed with a determination of
those motions so that, assuming the motions are denied, Plaintiff can obtain the official
production from the ISPs in order to verify that identifying information and potentially satisfy
any evidentiary obligations for those particular infringements.

Overall, there is no undue delay, bad faith, or dilatory motive on the part of Plaintiff.

Rather, Plaintiff has been unable to receive the production up to this point from the ISPs for the

remaining Doe Defendant IP addresses through no fault of Plaintiff.


III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests leave of Court to file its

Second Amended Complaint.


Respectfully Submitted,

                                              CALL OF THE WILD MOVIE, LLC

DATED:  April 15, 2011

                              By:    /s/
                                     Thomas M. Dunlap (D.C. Bar # 471319)
                                     Nicholas A. Kurtz (D.C. Bar # 980091)
                                     DUNLAP, GRUBB & WEAVER, PLLC
                                     1200 G Street, NW Suite 800
                                     Washington, DC 20005
                                     Telephone: 202-316-8558
                                     Facsimile: 202-318-0242
                                     tdunlap@dglegal.com
                                     nkurtz@dglegal.com
                                     *Attorney for the Plaintiff*