UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALL OF THE WILD MOVIE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JASON SMITH, JOSEPH SONKA, AND DOES 1 – 331,<br><br>Defendants. | Civil Action No. 10-455 (BAH)<br>Judge Beryl A. Howell |

## STANDING ORDER FOR CIVIL CASES

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE.**

It is the responsibility of counsel and the court to "secure the just, speedy, and inexpensive determination of every action and proceeding" in federal court. FED. R. CIV. P. 1.  To ensure that this case is resolved fairly and without undue cost or delay, the court directs all counsel to familiarize themselves with the Federal Rules of Civil Procedure (particularly Rules 16 and 26) and the Local Civil Rules of this court.[1]

In order to administer this case in a manner consistent with the highest quality of justice, it is **ORDERED** that the parties comply with the following directives:

1. **SERVICE OF COMPLAINT & STANDING ORDER; REMOVED ACTIONS**
   a.  The plaintiff must promptly serve the complaint on the defendant(s), in accordance with Federal Rule of Civil Procedure 4, file proof of service, in accordance with Local Civil Rule 5.3, and ensure that all parties receive a copy of this standing order.

   b.  A defendant removing an action to this court must refile as a supplement to the petition any answer or re-notice any pending motion, and promptly ensure that all parties receive a copy of this standing order.

   c.  To facilitate the court's determination of the need for recusal, in all civil or agency causes where a corporation is a party or intervenor, counsel of record for that party or intervenor shall file, in accordance with Local Civil Rule 7.1 and Federal Rule of Civil Procedure 7.1, a certificate listing for that party or intervenor any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities

---

[1] The Local Civil Rules are available at http://www.dcd.uscourts.gov/dcd/rules-forms.

in the hands of the public, or any publicly held corporation owning 10% or more of its stock. Such certificate shall be filed at the time the party's first pleading is filed. Counsel shall have the continuing obligation to advise the court of any change.

**2.     GUIDELINES FOR SUBMISSIONS**

The parties must ensure that motions and related submissions comply with Local Civil Rule 7.  A party filing or opposing a motion must include a proposed order setting forth the relief or action sought.  Pursuant to Local Civil Rules 7(h) and 56.1, a party filing a motion for summary judgment must include a statement of undisputed material facts, and a party filing an opposition thereto must include a statement of disputed material facts. With regard to format, submissions should be double-spaced, in 12-point, Times Roman font, with page numbers and margins of no less than 1 inch.  All citations must include exact page references (pincites).  Pursuant to Local Civil Rule 7(e), memoranda of points and authorities in support of and in opposition to motions **may not exceed 45 pages**, and replies **may not exceed 25 pages**.

**3.     COURTESY COPIES FOR CHAMBERS**

Before delivering any courtesy copy to chambers, parties should file the original submission and, for submissions relating to matters set for hearing, indicate the hearing date on the courtesy copy and the delivery envelope. The parties must provide the court with a courtesy copy, marked as such, of a submission that:
a.  is more than 15 pages;
b.  includes exhibits or attachments totaling more than 5 pages;
c.  relates to applications for a preliminary injunction or temporary restraining order; or
d.  relates to matters set for hearing within the next 7 business days.[2]

**4.     COMMUNICATIONS WITH CHAMBERS**

Except as authorized in this order, the parties may not contact chambers by telephone.  If extraordinary circumstances or emergencies require it, however, counsel should contact chambers jointly via telephone conference call to avoid *ex parte* communications. Chambers may not provide legal advice of any kind.

**5.     DUTY TO CONFER; LOCAL CIVIL RULE 16.3(d) REPORT[3]**

The parties must confer, pursuant to Federal Rule of Civil Procedure 26(f), within 30 days after any defendant first appears (whether by answer or by motion under Federal Rule of Civil Procedure 12(b)). The parties must file the Joint Meet and Confer Report

---

[2] A "business day" is any day that is not a Saturday, Sunday, or "legal holiday" as defined by Federal Rule of Civil Procedure 6(a).  In all sealed cases, parties will deliver a courtesy copy to chambers of any submission on the day it is filed with the court to avoid any delay in receiving notice of the sealed matter.

[3] The duty-to-confer and reporting requirements do not apply to cases exempted by Local Civil Rule 16.3(b). Nevertheless, counsel for both parties in exempted cases shall jointly prepare and submit a statement to the court indicating whether they believe the matter will be resolved solely through the filing of dispositive motions and proposing a schedule for the filing of such motions to the court. Counsel should also indicate whether or not they believe an appearance before the court will be necessary prior to resolution of the dispositive motions.

required by Local Civil Rule 16.3(d) within fourteen days after their meeting.  The Joint Meet and Confer Report must:
a. contain a brief statement of the case that describes the nature of the case, the identities of the parties, and the statutory basis of the court's jurisdiction for all causes of action and defenses;
b. address *all* matters listed in Local Civil Rule 16.3(c), including:
    i. pursuant to Local Civil Rule 16.3(c)(2), (8) & (9), a joint discovery plan (using separate paragraphs or subparagraphs if the parties disagree) scheduling the time and length for all discovery events and details–
        A. the subjects on which discovery will be needed;
        B. any agreement regarding the handling of the disclosure or discovery of electronically stored information;
        C. any agreement on a proposed order regarding claims of privilege or of protection as trial-preparation material asserted after production;
        D. dates for commencing and completing discovery;
        E. the maximum number of interrogatories and requests for admission by each party to another party, along with the dates that answers or responses are due;
        F. the maximum number of depositions for each party and the limits in hours on the length of such depositions, if different than the duration limits set forth in Local Civil Rule 26.2(c);
        G. the dates for exchanging reports of expert witnesses;
        H. the dates for supplementation under Rule 26(e);
    ii. final dates for the plaintiff or defendant to amend pleadings or join parties;
    iii. estimates of the number of witnesses necessary for trial and the trial length;
    iv. pursuant to Local Civil Rule 16.3(c)(11), the desirability of conducting phased discovery in which the first phase is limited to developing information for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial;
c. a proposed scheduling order in accordance with Local Civil Rule 16.3(d); and
d. a proposed agenda of matters to discuss at the initial status conference.

**6.   INITIAL STATUS CONFERENCE AND ISSUANCE OF SCHEDULING ORDER**
The court will schedule an initial status conference after submission of the Joint Meet and Confer Report.  At the initial status conference, or as soon as practicable thereafter, the court will issue a scheduling order governing future proceedings, pursuant to Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16.4.

**7.   MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING**
Motions for extensions of time or for continuances of court proceedings are strongly discouraged.  The parties should work within the time frames set by court order.  When good cause is present, however, the court will consider such a motion that:
a. is filed at least 4 business days prior to the deadline the motion is seeking to extend or the scheduled hearing date;[4] and

---

[4] In the event of an emergency, the four-day rule may be waived, but counsel must still file a motion in writing.

      b.    states:
   i. the original date of the deadline the motion is seeking to extend or the scheduled hearing date;
   ii. the number of previous extensions of time or continuances granted to each party;
   iii. the good cause supporting the motion;
   iv. the effect that the granting of the motion will have on existing deadlines;
   v. for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
   vi. the opposing party's position on the motion, including any reasons given for refusing to consent, pursuant to Local Civil Rule 7(m).

**8**.  **ORAL ARGUMENT**
Parties may request oral arguments by letter at the time of filing their motion or opposing or reply papers.  The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**9**.  **DISCOVERY DISPUTES**
The court expects the parties to follow the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2.  Before bringing a discovery dispute to the court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally.  If the parties are unable to resolve the dispute, they shall contact chambers to arrange for a telephone conference with the court.  Before filing a motion relating to a discovery dispute, a party must obtain leave of the court.

**10.**  **SETTLEMENT**
The court expects the parties to evaluate their case for purposes of settlement and take steps accordingly.  Toward that end, the parties may contact chambers to request mediation (via a magistrate judge, a private mediator, or the court's mediation program), arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that may be tailored to the needs of the case. If the case settles, in whole or in part, the plaintiff's counsel must promptly alert the court.

**11.**  **JOINT PRETRIAL STATEMENT**
Pursuant to Local Civil Rule 16.5(a) and (d)(5), the parties must file with the court a Joint Pretrial Statement *at least 14 business days before the final pretrial conference or at an earlier time that the court may set*. The parties must submit to chambers a courtesy copy of the Joint Pretrial Statement.  In addition, counsel shall call chambers at 202-354-3450 for an e-mail address to provide an electronic copy in Word format of the complete Joint Pretrial Statement. In accordance with Local Civil Rule 16.5(b), the Joint Pretrial Statement must include:

a. **General:**

   i. <u>a one-paragraph joint statement of the case</u>, appropriate to be read to the jury, that describes the nature of the case, the identities of the parties, and the statutory basis of the court's jurisdiction for all causes of action and defenses;
   ii. <u>a statement of claims</u> setting forth each claim a party has against any other party;
   iii. <u>a statement of defenses</u> setting forth each defense raised by a party to a claim asserted against it;
   iv. <u>a list of witnesses</u> (including expert and rebuttal witnesses) scheduled to be called by each party, accompanied by a brief description of each witness' expected testimony, followed by specific objections (if any) to each witness;
   v. <u>a list of exhibits</u>, followed by numbered copies of the exhibits, that each party intends to offer during trial (except that if the total number of pages exceeds 25, the parties should submit the exhibits in a separate binder);
   vi. <u>a designation of depositions</u> or portions thereof, identified by page and line number, to be offered in evidence by each party;
   vii. <u>an itemization of damages</u> setting forth each element of damages and the monetary amount thereof (including prejudgment interest, punitive damages, and attorney's fees) sought;
   viii. <u>a description of other relief</u> sought by each party;
   ix. <u>undisputed facts/stipulated facts</u> (both already agreed and proposed); and
   x. <u>stipulations</u> concerning authenticity of documents and admissibility of exhibits (both already agreed and proposed; if no objections are lodged, the exhibit shall be deemed admitted);
   xi. <u>a description of each specific item of demonstrative evidence, physical evidence, or videotape evidence</u> that will be offered at trial and any objections;
   xii. <u>any motions in limine,</u> with citations to legal authority, that the parties reasonably anticipate will arise at trial, accompanied by any oppositions and replies thereto.

b. **Jury Cases:** In jury cases, the parties also must submit as part of the Joint Pretrial Statement:
   i. proposed *voir dire* <u>questions</u> that indicate:
      I. the *voir dire* questions on which the parties agree; and
      II. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);
   ii. <u>a list of proposed jury instructions</u>, followed by the text of each proposed instruction, that indicates:
      I. the instructions on which the parties agree;
      II. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
      III. the proposed instruction's source (e.g., Standardized Civil Jury Instructions for the District of Columbia) or, for modified or new instructions, their supporting legal authority;

        IV.    The jury instructions section should be formatted so that each individual jury instruction begins on a new page.

    iii.    <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

  c.  **Non-jury Cases:**  In non-jury cases, the parties shall file their proposed findings of fact and conclusions of law in conjunction with the Joint Pretrial Statement.

**12.**  **MOTIONS IN LIMINE.** The court will entertain late motions for which there is a compelling explanation only if filed at least 8 business days prior to the date set for jury selection. Oppositions to late motions must be filed at least 5 business days prior to jury selection, and replies must be filed at least 4 business days prior to jury selection. The court will not consider motions in limine that relitigate issues already resolved by the court. Counsel are to provide the court with hand delivered courtesy copies of these submissions.

**13.**  **TRIAL PROCEDURES**
The following rules are intended to ensure that the trial proceeds with efficiency, dignity, and congeniality.

  a.  <u>Schedule</u>: Unless the parties are otherwise notified, the court will convene the jury portion of the trial from 9:30 AM to 12:30 PM and 1:45 PM to 5:00 PM, Monday through Friday. The parties must be in the courtroom at least 5 minutes before court is scheduled to begin or resume. If the trial is expected to last more than two weeks, the jury will not sit on Fridays.

  b.  <u>General Courtroom Rules</u>:  The court expects the parties to exercise civility at all times. Unless leave is otherwise granted, counsel shall:
    i.    examine witnesses or address the jury from the lectern;
    ii.   obtain permission before approaching a hostile or adverse witness;
    iii.  stand when raising objections;
    iv.  remain seated when the jury is entering or leaving the courtroom;
    v.   remain in the courtroom once court is in session;
    vi.  direct all statements to the court rather than to the opposing party; and
    vii. refer to all witnesses, over the age of 18, including their clients, as "Mr." or "Ms." rather than first name or nickname.

  c.  *Voir Dire*: The court will conduct *voir dire* and will consider proposed *voir dire* questions submitted by the parties. Where warranted, the court will allow the parties to ask additional questions of prospective jurors at the bench.

  d.  <u>Technical Equipment</u>: Parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019.

    e.    <u>Motions or Objections During Trial</u>: With regard to motions to be resolved on the following trial day, the parties must submit motions to the court (by fax transmission to (202) 354-3452 or by hand-delivery) and the opposing party by no later than 8:00 am on the trial day.  The opposing party must submit its response (if any) to the court and the moving party by no later than 9:00 am on the same day.  With regard to objections, the parties must state clearly and succinctly the legal basis for the objections.  To protect the record for appellate review, a party may explain or amplify its objections on the record after the jury has been excused.  Parties should not request bench conferences in lieu of filing motions or raising objections.  If a party plans to engage in a line of inquiry that requires judicial pre-approval, however, the party may seek a bench conference.

    f.    <u>Jury Instructions</u>:  If events during trial necessitate the immediate giving of a *sua sponte* jury instruction, the party requesting the instruction must provide the court with the text of the proposed instruction or else the court will consider the request waived.

    g.    <u>Witnesses</u>:  A party calling a witness must arrange for the witness' presence until cross-examination is completed.  Failure to have a witness present for cross-examination is grounds for striking the witness' testimony.  Except in extraordinary circumstances, the court will not recess simply because a witness is unavailable.  The court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the court ahead of time.   Additionally, parties are advised to avoid eliciting witnesses' personal identifiers such as social security numbers, financial account information, names of minor children, dates of bith and home addresses.  If such information inadvertently becomes part of the record, the parties may request redaction of such items.

    h.    Exhibits: Parties who plan to tender exhibits must provide an exhibit to the courtroom deputy.  Exhibits should be marked by number (1,2,3); groups of exhibits should be marked by number and letter (1A, 1B, 1C).

**14.  MOTIONS FOR RECONSIDERATION**

Motions to alter or amend judgment (commonly known as "motions for reconsideration") are strongly discouraged.  Such motions shall be filed only when the requirements of Federal Rules of Civil Procedure 59(c) and/or 60(b) are met.  Such motions and opposition thereto may not exceed 10 pages in length.  Replies, if any, may not exceed 4 pages.   The court will not entertain a motion that: (a) reasserts arguments previously raised and rejected by the court; or (b) raises for the first time arguments which should have been advanced in the original motion.

**SO ORDERED**.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge