**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CALL OF THE WILD MOVIE, LLC,

Plaintiff,

v.

JASON SMITH, JOSEPH SONKA, and
DOES 1-331,

Defendants.

Civil Action No. 10-0455(BAH)
Judge Beryl A. Howell

<u>**MEMORANDUM OPINION**</u>

Pending before the Court are motions to dismiss, quash, and for protective orders filed by

five putative defendants: Mickey J. Viles, ECF No. 26 (motions to dismiss, quash, and for

protective order); Brandon Lown, ECF No. 31 (motion to quash); Donna Lynk, ECF Nos. 33, 42

(motions to dismiss, quash, and for protective order); Jerrydon Vidal, ECF No. 51 (motions to

dismiss and quash); and Kumar Abhinay Rathore, ECF No. 55 (motions to dismiss, quash, and for

protective order).[1] These individuals have yet to be named as defendants in this case, but claim to

have received notices from their Internet Service Providers (hereinafter "ISPs") that plaintiff Call

of the Wild LLC seeks their identifying information in connection with allegations in the

Complaint that certain IP addresses used a file-sharing program called BitTorrent to download and

distribute illegally the plaintiff's copyrighted movie *Call of the Wild*.  In response, these five

---

[1] Putative defendants Mickey J. Viles and Jerrydon Vidal state that they are putative defendants in the instant lawsuit, but do not provide the IP addresses listed in the plaintiff's Complaint that are allegedly associated with their computer use.  The Court therefore has no way of verifying that these individuals are indeed potential parties in this lawsuit.  Regardless, however, the defenses and arguments they assert are identical to those proffered by other putative defendants.

putative defendants have filed motions seeking to prevent disclosure of their identifying

information and otherwise to secure dismissal from the lawsuit.  For the reasons set forth below,

the putative defendants' motions to quash, dismiss, and for protective orders are denied.

## I.     BACKGROUND

On March 19, 2010, plaintiff Call of the Wild Movie, LLC filed a Complaint against 358

unnamed individuals who allegedly used a file-sharing protocol called BitTorrent to illegally

infringe plaintiff's copyright in the motion picture *Call of the Wild*. Compl. ¶ 3, ECF No. 1. These

unnamed computer users are identified only by their IP addresses. The plaintiff subsequently filed

an Amended Complaint adding 704 putative defendants, bringing the total number of such

defendants to 1,062. Am. Compl., May 12, 2010, ECF No. 6. Given that the defendants in this case

were unidentified at the time the plaintiff filed its Complaint and Amended Complaint, on April

15, 2010, the Court granted the plaintiff leave to subpoena ISPs to obtain identifying information

for the putative defendants.  Order Granting the Pl.'s Mot. for Leave to Take Disc. Prior to Rule

26(f) Conference, Apr. 15, 2010, ECF No. 4 (Urbina, J.).  Specifically, the Court authorized the

plaintiff to obtain "information sufficient to identify each defendant, including his or her name,

current and permanent address(es), telephone number(s), e-mail address(es), and Media Access

Control address(es)." *Id.* at 2. This information was to be "used by the plaintiff solely for the

purpose of protecting the plaintiff's rights as set forth in the complaint." *Id.* at 3.

Since the Court approved expedited discovery, ISPs have provided identifying information

for the putative defendants in response to the plaintiff's subpoenas on a rolling basis.[2]  Prior to

---

[2] Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff was required to name and serve defendants by July 17, 2010, which is the date within 120 days of filing its original Complaint.  On July 20, 2010, plaintiff requested an additional 120 days, until November 17, 2010, to name and serve the defendants because the plaintiff had yet to receive identifying information for all defendants listed in the plaintiff's Amended Complaint. ECF No. 13.  On January 3, 2011, the Court granted this motion *nunc pro tunc* by Minute Order.  Minute Order dated Jan. 3, 2011 (Urbina, J.).  On April 21, 2011, the Court extended the plaintiff's time to name and serve *nunc pro tunc* from November 17, 2010 to

providing the plaintiff with a putative defendant's identifying information, however, the ISPs sent

notices to the putative defendants informing them of their right to challenge release of their

information in this Court.[3]  On April 4, 2011, the Court directed the plaintiff (1) to file a Second

Amended Complaint naming those putative defendants for whom it had obtained identifying

information and that it intended to sue for copyright infringement in this jurisdiction; (2) to

dismiss the putative defendants that it did not intend to sue; and (3) to submit a report listing the

putative defendants for whom it had yet to receiving identifying information.  On April 15, 2011,

the plaintiff voluntarily dismissed 729 putative defendants for which it had received identifying

information but did not intend to sue in this Court. Pl.'s Notice of Voluntary Dismissal, Apr. 15,

2011, ECF No. 50.  On April 21, 2011, the Court granted the plaintiff leave to file its Second

Amended Complaint, which lists 331 putative defendants, and two named defendants, Jason

Smith and Joseph Sonka.  Second Am. Compl., ECF No. 53. None of the putative defendants

with pending motions were dismissed. Pl.'s Notice of Voluntary Dismissal, Apr. 15, 2011, ECF

No. 50, at 1.

 The Court is now presented with motions from five putative defendants who seek to

prevent disclosure of their identifying information or otherwise obtain dismissal from the lawsuit:

putative defendant Brandon Lown has filed a motion to quash, ECF No. 31, in which he generally

denies using BitTorrent to download and distribute the plaintiff's movie; and putative defendants

---

June 13, 2011 because ISPs had yet to fully respond to the plaintiff's subpoenas.  Minute Order dated Apr. 21, 2011.

[3] The Court's Order approving expedited discovery did not expressly order the plaintiff or ISPs to send notices to putative defendants before their identifying information was released in response to the subpoenas.  Plaintiff's counsel, however, represents that a notice was attached to all subpoenas issued to ISPs for identifying information. Transcript of Mot. Hearing, at 50-51, Call of the Wild Movie LLC v. Does 1-1,062, No. 10-cv-455 (Mar. 1, 2011) ("Every single subpoena we sent to an ISP has the [notice approved by Judge Collyer in *Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1-4,577*, No. 10-cv-00453 (D.D.C. July 22, 2010) (Minute Order approving Court-Directed Notice, ECF No. 36)] attached to it. And [ISP] Time Warner, I believe, reached an agreement on the form of that notice in Judge Collyer's court, and every single subpoena we sent since that date in every new case has that notice.").

Mickey J. Viles, Donna Lynk, Jerrydon Vidal, and Kumar Abhinay Rathore have filed motions to quash under on FED. R. CIV. P. 45(c)(3), as well as motions to dismiss based on improper joinder and lack of personal jurisdiction. *See* ECF Nos. 26, 33, 51, 55.  Additionally, Mickey J. Viles, Donna Lynk, and Kumar Abhinay Rathore have filed motions for protective orders. *See* ECF Nos. 26, 42, 55. For the reasons stated below, the Court denies all of the putative defendants' motions.

## II.      MOTIONS TO QUASH UNDER FEDERAL RULE OF CIVIL PROCEDURE 45

Putative defendant Brandon Lown has filed a motion to quash the plaintiff's subpoena to ISP Comcast on grounds that he has "not engaged in any illegal activity" and is "accused of a crime [he] did not commit." Putative Def. Brandon Lown's Mot. Quash Subpoena, ECF No. 31, at 1, 3.  Additionally, putative defendants Mickey J. Viles, Donna Lynk, Jerrydon Vidal, and Kumar Abhinay Rathore urge the Court to quash the plaintiff's subpoena to ISPs Comcast and Cox Communications because it subjects them to an undue burden.  *See* ECF Nos. 26, 33, 51, 55; *see also* FED. R. CIV. P. 45(c)(3)(A)(iv). Both of these arguments are unavailing.

Under Federal Rule of Civil Procedure 45(c), the Court must quash a subpoena when, *inter alia,* it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."  FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv). Mr. Lown's general denial that he engaged in copyright infringement is not a basis for quashing the plaintiff's subpoena.  It may be true that Mr. Lown did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of this assertion, decide not to name Mr. Lown as a party in this lawsuit. On the other hand, the plaintiff may decide to name Mr. Lown as a defendant in order to have the opportunity to contest the merits and veracity of Mr. Lown's defense in this case. In other words, if Mr. Lown is named as a defendant in this case, Mr. Lown may deny allegations that he used BitTorrent to illegally copy and distribute the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims

against him.  A general denial of liability, however, is not a basis for quashing the plaintiff's

subpoena and preventing the plaintiff from obtaining Mr. Lown's identifying information. That

would deny the plaintiff access to the information critical to bringing Mr. Lown properly into the

lawsuit to address the merits of both the plaintiff's claim and Mr. Lown's defense.  *See*

*Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1-4,577*, 736 F. Supp. 2d 212,

215 (D.D.C. 2010) (denying motions to quash filed by putative defendants in BitTorrent file-

sharing case and stating that putative defendants' "denial of liability may have merit, [but] the

merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.

In other words, they may have valid defenses to this suit, but such defenses are not at issue

[before the putative defendants are named parties].");  *see also Fonovisa, Inc. v. Does 1-9*, No.

07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (if a putative defendant "believes that

it has been improperly identified by the ISP, [the putative defendant] may raise, at the

appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

   Ms. Lynk and Messrs. Viles, Vidal, and Rathore's argument that the plaintiff's subpoenas

subject them to an undue burden is also unavailing.  These putative defendants essentially argue

that the plaintiff's subpoenas require them to litigate in a forum in which they should not be

subject to personal jurisdiction, which causes them hardship.  As explained more fully *infra*, the

putative defendants' personal jurisdiction arguments are premature at this time because they have

not been named as parties to this lawsuit.  Given that they are not named parties, the putative

defendants are not required to respond to the allegations presented in the plaintiff's Second

Amended Complaint or otherwise litigate in this district.  The plaintiff has issued subpoenas to

the putative defendants' ISPs, not to the putative defendants themselves. Consequently, the

putative defendants face no obligation to produce any information under the subpoenas issued to

their respective ISPs and cannot claim any hardship, let alone undue hardship.[4]

Mr. Lown raises an additional argument in support of his motion to quash based upon his privacy interests.  He states that "a lawyer" informed him that "even though [he had] no involvement in this activity, the plaintiff could access [his] computer." Putative Def. Brandon Lown's Mot. Quash Subpoena, ECF No. 31, at 2. This, he states, "is a clear invasion of privacy. No right is to be given for someone to view my personal information on my personal computer." *Id.*  Rule 45(c)(3)(A)(iii) instructs a Court to quash a subpoena if it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii).  This rule, however, does not apply here.

First, the Court has granted the plaintiff authority to obtain Mr. Lown's identifying information – i.e., his name, address, phone number, email, and media access control number – from Mr. Lown's ISP.  The Court has not authorized the plaintiff to access Mr. Lown's computer or view any data stored therein. *See* Order Granting the Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference, Apr. 15, 2010, ECF No. 4 (Urbina, J.).  Second, the Court recognizes that the putative defendants' First Amendment right to anonymous speech is implicated by disclosure of their identifying information.  *See Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) ("the file sharer may be expressing himself or herself through the music selected and made available to others."); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 163 (D. Mass. 2008).  Nevertheless, whatever asserted First Amendment right to anonymity the putative defendants may have in this context does not shield them from

---

[4] Any reliance the putative defendants may have placed on Federal Rule of Civil Procedure 45(c)(3)(A)(ii) as an alternate basis to quash the plaintiff's subpoenas is therefore also misplaced.  Rule 45(c)(3)(A)(ii) requires the Court to quash a subpoena when the subpoena "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ." The putative defendants are not required to respond to the plaintiff's subpoenas or otherwise travel away from their homes or places of employment.

allegations of copyright infringement.[5]  *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1,

8 (D.D.C. 2008) ("First Amendment privacy interests are exceedingly small where the 'speech'

is the alleged infringement of copyrights."); *Achte/Neunte*, 736 F. Supp. 2d at 216 n.2 ("the

protection afforded to such speech is limited and gives way in the face of a prima facie showing

of copyright infringement"); *West Bay One, Inc. v. Does 1-1653*, 270 F.R.D. 13, 16 n.4 (D.D.C.

2010) (same); *Sony,* 326 F. Supp. 2d at 567 (First Amendment right of alleged file-sharers to

remain anonymous "must give way to the plaintiffs' right to use the judicial process to pursue

what appear to be meritorious copyright infringement claims."); *Elektra Entm't Grp., Inc. v.

Does 1-9*, No. 04-2289, 2004 WL 2095581, at *4-5 (S.D.N.Y. Sept. 8, 2004) (finding that First

Amendment right to anonymity is overridden by plaintiff's right to protect copyright).

    The plaintiff's subpoenas requesting the putative defendants' identifying information do

not subject the putative defendants to an undue burden nor is the plaintiff's request for the

information outweighed by any privacy interest or First Amendment right to anonymity.

Moreover, a general denial of liability is not a proper basis to quash the plaintiff's subpoenas.

Accordingly, the putative defendants' motions, under Federal Rule of Civil Procedure 45(c)(3),

to quash the subpoenas are denied.

## III.    MOTIONS FOR PROTECTIVE ORDERS

    Putative defendants Mickey Viles, Donna Lynk, and Kumar Abhinay Rathore have filed

motions for protective orders seeking to "protect [their] identit[ies] from being disclosed to the

---

[5] A more expansive discussion of the putative defendants' First Amendment rights in this case is contained in the Court's Memorandum Opinion filed March 22, 2011, which addresses amici Electronic Frontier Foundation, Public Citizen, American Civil Liberties Union Foundation, American Civil Liberties Union of the Nation's Capital's contention that the putative defendants' First Amendment rights protect against disclosure of the putative defendants' identifying information. *Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-cv-455, 2011 WL 996786 at *10-15 (D.D.C. Mar. 22, 2011).

Plaintiff and automatically subjecting [themselves] to the jurisdiction of this court."[6]  Mickey

Viles Mot. Protective Order, ECF No. 26, ¶ 4; Kumar Abhinay Rathore Mot. Protective Order,

ECF No. 55, ¶ 4; *see also* Donna Lynk Mot. for Protective Order, ECF No. 42. Rule 26(c)

provides that a court may "issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).[7]  Such

protective orders may forbid disclosure altogether, or, among other measures, "limit[ ] the scope

of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c)(1)(A) and (D). "[A]lthough

Rule 26(c) contains no specific reference to privacy or to other rights or interests that may be

implicated, such matters are implicit in the broad purpose and language of the Rule." *In re*

*Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (quoting *Seattle Times*

*Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984)).

　　　As elaborated above, the putative defendants are not subject to the plaintiff's subpoenas,

and therefore do not face any "annoyance, embarrassment, oppression, or undue burden or

expense" from the plaintiff's discovery request. *See* FED. R. CIV. P. 26(c)(1).  To the extent that

the putative defendants seek protective orders to prevent disclosure of private identifying

information, the Court has held that the putative defendants' First Amendment rights to

anonymity in the context of their BitTorrent activity is minimal and outweighed by the plaintiff's

need for the putative defendants' identifying information in order to protect its copyrights. *See*

*Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-cv-455, 2011 WL 996786 at *10-15

(D.D.C. Mar. 22, 2011). The putative defendants' requests for protective orders are therefore

---

[6] The Court directed the Clerk to file Ms. Lynk and Messrs. Viles and Rathore's motions under seal pending resolution of their motions for protective orders.  The Court denies these motions in the instant Memorandum Opinion, and, as reflected in the Order accompanying this Memorandum Opinion, the Clerk is directed to unseal ECF docket entries 26, 33, 42, and 55.

[7] Messrs. Viles and Rathore state that they seek protective orders pursuant to Federal Rule of Civil Procedure 37. The Court assumes, however, that they seek protective orders under Federal Rule of Civil Procedure 26(c), and construes their motions accordingly.

denied.

## IV.   MOTIONS TO DISMISS BASED ON IMPROPER JOINDER

Putative defendants Mickey J. Viles, Donna Lynk, Jerrydon Vidal and Kumar Abhinay Rathore argue that they should be dismissed from the lawsuit because the plaintiff has improperly joined them with other putative defendants.  *See* ECF Nos. 26, 33, 51, 55.  The putative defendants' argument that they are improperly joined may be meritorious should they be named as defendants in this action.  At this stage in the litigation, however, when discovery is underway to learn identifying facts necessary to permit service on Doe defendants, joinder, under Federal Rule of Civil Procedure 20(a)(2), of unknown parties identified only by IP addresses is proper.  As discussed below, this conclusion is further supported by the allegations set forth in the Complaint, which sufficiently establishes a *prima facie* case of infringement of plaintiff's copyright by users of the same file-sharing software program that operates through simultaneous and sequential computer connections and data transfers among the users.

At the outset, the Court notes that the remedy for improper joinder, under Federal Rule of Civil Procedure 21, is not dismissal of the action. [8]  FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.").  Improper joinder may be remedied by "drop[ping]" a party and severing the claim against that party.  FED. R. CIV. P. 21 ("On motion or on its own, the Court may at any time, on just terms, add or drop a party.").  This would simply create separate

---

[8] Rule 21 does not set forth what constitutes misjoinder, but "it is well-settled that parties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied." *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (citation omitted).  Courts have also read Rule 21 in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party. *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002); *see also* FED. R. CIV. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").  In addition to the two requirements of Rule 20(a)(2), courts therefore also consider whether joinder would prejudice any party or result in needless delay.  *See Lane v. Tschetter*, No. 05-1414, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007); *Tenet*, 216 F.R.D. at 138.

actions containing the same claims against the same dropped putative defendants.  *See Bailey v. Fulwood*, No. 10-463, 2010 U.S. Dist. LEXIS 141356, at *11 (D.D.C. Feb. 15, 2010); *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("[S]everance of claims under Rule 21 results in the creation of separate actions.").  The Court may exercise discretion regarding the proper time to sever parties, and this determination includes consideration of judicial economy and efficiency.  *See Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (Permissive joinder under Federal Rule 20 is designed "to promote trial convenience and expedite the resolution of lawsuits," quoting *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).  For example, in *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153 (D. Mass. 2008), the court consolidated separate Doe lawsuits for copyright infringement since the "cases involve[d] similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service provider."  *Id.* at 161. In the court's view, consolidation of the separate lawsuits for the purposes of expedited discovery "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised." *Id.* The court noted that, after discovery, "[t]he case against each Doe [would] be individually considered for purposes of any rulings on the merits," and the putative defendants could "renew the severance request before trial if the case proceeds to that stage." *Id.* at 161 n.7.

In addition to providing efficiencies for expedited discovery on jurisdictional issues, defendants may be properly joined in one action when claims arise from the same transaction or occurrence or series of transactions or occurrences; and any question of law or fact in the action is common to all defendants.  FED. R. CIV. P. 20(a)(2); *see also Montgomery v. STG Int'l, Inc.*,

532 F. Supp. 2d 29, 35 (D.D.C. 2008) (interpreting Rule 20(a)(1), which has the same

requirements as Rule 20(a)(2)).  The requirements for permissive joinder are "liberally construed

in the interest of convenience and judicial economy in a manner that will secure the just, speedy,

and inexpensive determination of the action." *Lane v. Tschetter*, No. 05-1414, 2007 WL

2007493, at *7 (D.D.C. July 10, 2007) (internal quotation omitted); *see also Davidson v. District

of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010).  Thus, "the impulse is toward entertaining

the broadest possible scope of action consistent with fairness to the parties; [and] joinder of

claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 724 (1966).

In the present case, the plaintiff has met all the requirements for permissive joinder under

Federal Rule of Civil Procedure 20(a)(2).  The first requirement is that claims must "aris[e] out

of the same transaction, occurrence, or series of transactions or occurrences."  FED. R. CIV. P.

20(a)(2)(A).  This essentially requires claims asserted against joined parties to be "logically

related." *Disparte*, 223 F.R.D. at 10.  This is a flexible test and courts seek the "broadest possible

scope of action." *Lane*, 2007 WL 2007493, at *7 (quoting *Gibbs*, 383 U.S. at 724).

The plaintiff alleges that the putative defendants used the BitTorrent file-sharing protocol

to illegally distribute the plaintiff's motion picture.  Second Am. Compl., ¶¶ 3, 14. This file-

sharing protocol "makes every downloader also an uploader of the illegally transferred file(s).

This means that every . . . user who has a copy of the infringing copyrighted material on a torrent

network must necessarily also be a source of download for that infringing file." *Id.* at ¶ 3. The

plaintiff further asserts that the "nature of a BitTorrent protocol [is that] any seed peer that has

downloaded a file prior to the time a subsequent peer downloads the same file is automatically a

source for the subsequent peer so long as that first seed peer is online at the time the subsequent

peer downloads a file." *Id.* at ¶ 4.

Based on these allegations, the plaintiff's claims against the putative defendants are logically related at this stage in the litigation.  According to the plaintiff, each putative defendant is a possible source for the plaintiff's motion picture, and may be responsible for distributing this copyrighted work to the other putative defendants, who are also using the same file-sharing protocol to copy and distribute the same copyrighted work.  *See Disparte*, 223 F.R.D. at 10 (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is "flexible.").   While the putative defendants may be able to rebut these allegations at a later date, at this procedural juncture the plaintiff has sufficiently alleged that its claims against the putative defendants potentially stem from the same transaction or occurrence, and are logically related.  *See Arista Records LLC v. Does 1-19,* 551 F. Supp. 2d 1, 11 (D.D.C. 2008) ("While the Courts notes that the remedy for improper joinder is severance and not dismissal, the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct." (internal citation omitted)).

Some courts in other jurisdictions have granted motions by putative defendants for severance in analogous copyright infringement cases against unknown users of peer-to-peer file-sharing programs for failure to meet the "same transaction or occurrence test" in Rule 20(a)(2). Those courts have been confronted with bare allegations that putative defendants used the same peer-to-peer network to infringe copyrighted works and found those allegations were insufficient for joinder. *See, e.g., IO Grp., Inc. v. Does 1-19*, No. 10-03851, 2010 WL 5071605, at *8-12 (N.D. Cal. Dec. 7, 2010); *Arista Records, LLC v. Does 1-11*, No. 07-cv-2828, 2008 WL 4823160, at *6 (N.D. Ohio Nov. 3, 2008) ("merely alleging that the Doe Defendants all used the same ISP and file-sharing network to conduct copyright infringement without asserting that they

acted in concert was not enough to satisfy the same series of transactions requirement under the Federal Rules."); *LaFace Records, LLC v. Does 1-38,* No. 5:07-cv-298, 2008 WL 544992, at *3 (E.D. N.C. Feb. 27, 2008) (severing putative defendants in file-sharing case not involving BitTorrent technology, noting that "other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper."); *Interscope Records v. Does 1-25*, No. 6:04-cv-197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (adopting Mag. J. Report and Recommendation at *Interscope Records v. Does 1-25*, No. 6:04-cv-197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)).  That is not the case here.

The plaintiff has provided detailed allegations about how the BitTorrent technology differs from other peer-to-peer file-sharing programs and necessarily engages many users simultaneously or sequentially to operate.  *See Columbia Pictures Indus. v. Fung,* No. 06-5578, 2009 U.S. Dist. LEXIS 122661, at *7 (C.D. Cal. Dec. 21, 2009) (BitTorrent "is unique from that of previous [P2P] systems such as Napster and Grokster. Rather than downloading a file from an individual user, [BitTorrent users download] from a number of host computers that possess the file simultaneously. . . . The BitTorrent client application [] simultaneously downloads the pieces of the content file from as many users as are available at the time of the request, and then reassembles the content file on the requesting computer when the download is complete.  Once a user downloads a given content file, he also becomes a source for future requests and downloads."). Specifically, BitTorrent creates a "swarm" in which "each additional user becomes a part of the network from where the file can be downloaded . . . [U]nlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole." Second Am. Compl., ¶ 3.

At least one court has not been persuaded that allegations of copyright infringement by users of BitTorrent satisfy the requirement of Rule 20. *See, e.g., Lightspeed v. Does 1-1000,* No. 10-cv-5604, 2011 U.S. Dist. LEXIS 35392, at *4-7 (N.D. Ill. Mar. 31, 2011) (finding that Doe defendants using BitTorrent technology were misjoined on the basis that the putative defendants were not involved in the "same transaction, occurrence, or series of transactions or occurrence" under FED. R. CIV. P. 20(a)(2)(A)); *Millennium TGA Inc. v. Does 1-800*, No. 10-cv-5603, 2011 U.S. Dist. LEXIS 35406, at *3-5 (N.D. Ill. Mar. 31, 2011) (same). In those cases, the court did not discuss the precise nature of the BitTorrent technology, which enables users to contribute to each other's infringing activity of the same work as part of a "swarm." In any event, by contrast to the instant claim of infringement of a single copyrighted work by the putative defendants, the plaintiffs in *Lightspeed* and *Millennium TGA Inc*. alleged infringement of multiple works, a factor that may undermine the requisite showing of concerted activity to support joinder.

The second requirement for proper joinder under Rule 20(a)(2) is that the plaintiff's claims against the putative defendants must contain a common question of law or fact. FED. R. CIV. P. 20(a)(2)(B); *see also Disparte*, 223 F.R.D. at 11.  The plaintiff has met this requirement as well.  The plaintiff must establish against each putative defendant the same legal claims concerning the validity of the copyright at issue and the infringement of the exclusive rights reserved to the plaintiff as the copyright holder.  Furthermore, the putative defendants are alleged to have utilized the same BitTorrent file-sharing protocol to illegally distribute and download the plaintiff's movie and, consequently, factual issues related to how BitTorrent works and the methods used by the plaintiff to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant.  *See* Second Am. Compl., ¶ 3. The Court recognizes that each putative defendant may later present different factual and

substantive legal defenses, but that does not defeat, at this stage of the proceedings, the

commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).

   In addition to the two requirements for permissive joinder under Rule 20(a)(2), the Court

must also assess whether joinder would prejudice the parties or result in needless delay.  *See*

*Lane,* 2007 WL 2007493, at *7; *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002).  At this stage

in the litigation, it will not. The putative defendants are currently identified only by their IP

addresses and are not named parties. They are thus not required to respond to the plaintiff's

allegations or assert a defense. The putative defendants may be able to demonstrate prejudice

should the plaintiff name and proceed with a case against them, but they cannot demonstrate any

harm that is occurring to them before that time. In addition, rather than result in needless delay,

joinder of the putative defendants facilitates jurisdictional discovery and expedites the process of

obtaining identifying information, which is prerequisite to reaching the merits of the plaintiff's

claims. The Court therefore concludes that at this procedural juncture, the plaintiff has met the

requirements of permissive joinder under Rule 20(a)(2) and joinder of the putative defendants is

proper.[9]

   The Court reaches this conclusion cognizant of the significant burdens on the court and

judicial economy posed by the sheer number of putative defendants that the plaintiff seeks to join

in a single lawsuit. These concerns are legitimately shared by other courts across the country that

are confronting copyright infringement cases involving allegations of illegal file-sharing of

copyrighted works by unprecedented numbers of Doe defendants, and the multitude of motions

---

[9] For a more expansive discussion regarding the propriety of joining the putative defendants in this case, see the Court's Memorandum Opinion filed March 22, 2011 addressing amici Electronic Frontier Foundation, Public Citizen, American Civil Liberties Union Foundation, American Civil Liberties Union of the Nation's Capital's contention that joinder of the putative defendants is inappropriate in this case. *Call of the Wild Movie, LLC v. Does 1-1,062,* No. 10-cv-455, 2011 WL 996786 at *4-7 (D.D.C. Mar. 22, 2011).

from interested parties that such suits engender.  *See, e.g., Lightspeed,* 2011 U.S. Dist. LEXIS

35392, at *7 ( "given the number of 'potential' defendants (i.e., Does 1-1000), [the] court  could

be faced with hundreds of factually unique motions to dismiss, quash or sever from potential

defendants located all over the country."); *Millennium TGA Inc.*, 2011 U.S. Dist. LEXIS 35406,

at *5 (same). Courts have varying thresholds for the exercise of their discretion to sever

defendants in such cases. *See Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33

(M.D. Tenn. 2001) (even if joinder of over 700 named defendants was proper because claims

arose from the same series of occurrences, "the Court would exercise the discretion afforded it to

order a severance to avoid causing unreasonable prejudice and expense to Defendants and to

avoid a great inconvenience to the administration of justice").

      This Court similarly must evaluate judicial economy and the administrative burdens of

managing such cases, set against the challenge this broad-scale allegedly infringing activity

represents for the copyright owners.  Copyright owners' efforts to protect their copyrighted

works through Doe actions are "costly[,] time consuming[,] . . . cumbersome and expensive."  *In

re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 782 (8th Cir. 2005)

(Murphy, J., dissenting).  Yet, copyright owners have limited alternatives to obtain redress for

infringement of their protected works other than such lawsuits.  *See Arista Records LLC v. Does

1-27*, 584 F. Supp. 2d 240, 252 (D. Me. 2008) ("the Court begins with the premise that the

Plaintiffs have a statutorily protected interest in their copyrighted material and that the Doe

Defendants, at least by allegation, have deliberately infringed that interest without consent or

payment. Under the law, the Plaintiffs are entitled to protect their copyrighted material and it is

difficult to discern how else in this unique circumstance the Plaintiffs could act. Not to act would

be to allow those who would take what is not theirs to remain hidden behind their ISPs and to

diminish and even destroy the intrinsic value of the Plaintiffs' legal interests."); *In re Charter Commc'ns*, 393 F.3d at 775 n.3 ("[A]s a practical matter, copyright owners cannot deter unlawful peer-to-peer file transfers unless they can learn the identities of persons engaged in that activity."). Courts must nonetheless maintain supervision of these lawsuits and, at some point, the sheer number of putative defendants involved in a single case may necessitate severance.

Joinder in this case at this stage of the litigation is proper. Should the putative defendants be named in the Complaint, they may raise the argument that they are improperly joined, under Federal Rule of Civil Procedure 20, and move to sever, under Federal Rule of Civil Procedure 21. Severance prior to that point, as numerous other courts both in and outside this District have held, is premature. *See, e.g., Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1-4,577*, No. 10-cv-00453, ECF No. 34 (D.D.C. July 2, 2010) (Collyer, J.); *West Bay One, Inc. v. Does 1-1653*, No. 10-cv-00481, ECF No. 25 (D.D.C. July 2, 2010) (Collyer, J.); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) (Kollar-Kotelly, J.); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 n.7 (D. Mass. 2008); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 568 (S.D.N.Y. 2004).

## V.      MOTIONS TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION

Putative defendants Mickey J. Viles, Donna Lynk, Jerrydon Vidal, and Kumar Abhinay Rathore also argue that they should be dismissed from the lawsuit because the Court lacks personal jurisdiction over them. *See* ECF Nos. 26, 33, 51, 55. To support this argument, they each supply affidavits or declarations attesting that they do not reside, transact or solicit business, or otherwise have sufficient contacts in the District of Columbia. These asserted facts would become relevant for the Court's consideration when and if these individuals are named as parties in this action. They cannot be dismissed, under Federal Rule of Civil Procedure 12(b)(2), from a lawsuit to which they are not parties.

Moreover, to establish personal jurisdiction, the Court must examine whether jurisdiction is applicable under the District of Columbia's long-arm statute, D.C. CODE § 13-423, and must also determine whether jurisdiction satisfies the requirements of due process. *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Due Process requires the plaintiff to show that the defendant has "minimum contacts" with the forum, thereby ensuring that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also GTE New Media Servs.*, 199 F.3d at 1347.

In cases where a party's contacts with the jurisdiction are unclear and the record before the court is "plainly inadequate," courts have allowed for a discovery period within which to gather evidence to support jurisdiction. *See GTE New Media Servs.*, 199 F.3d at 1351-52 (reversing lower court's finding of personal jurisdiction, but stating that "[t]his court has previously held that if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified."). "This Circuit's standard for permitting jurisdictional discovery is quite liberal," *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003), and jurisdictional discovery is available when a party has "at least a good faith belief" that it has personal jurisdiction. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998). Courts have permitted discovery even when a party has failed to establish a *prima facie* case of personal jurisdiction. *See GTE New Media Servs.*, 199 F.3d at 1352 (". . . as the record now stands, there is absolutely no merit to [plaintiff]'s bold claim that the parent companies and subsidiaries involved in this lawsuit should be treated identically. Jurisdictional discovery will help to sort out these matters."); s*ee also In re Vitamins Antitrust Litigation*, 94 F. Supp. 2d 26, 35 (D.D.C. 2000) (discussing *GTE*

*New Media Servs.* and stating that "the D.C. Circuit held that although plaintiffs had failed to establish a prima facie case of personal jurisdiction and the court was unable to tell whether jurisdictional discovery would assist GTE on this score, plaintiffs were entitled to pursue [discovery].").  In such cases, a party is entitled to pursue "precisely focused discovery aimed at addressing matters relating to personal jurisdiction." *GTE New Media Servs.*, 199 F.3d at 1352.

Although the putative defendants assert that they do not have sufficient contacts with this jurisdiction to justify personal jurisdiction, the Court, as well as the plaintiff, has limited information to assess whether these jurisdictional defenses are valid[10] and to evaluate possible alternate bases to establish jurisdiction.  *See, e.g., London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [the putative defendant's] affidavit as true, it is possible that the Court properly has personal jurisdiction."); *Humane Soc'y of the United States v. Amazon.com, Inc.*, No. 07-623, 2007 U.S. Dist. LEXIS 31810, at *10 (D.D.C. May 1, 2007) ("[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum," quoting *Virgin Records Am., Inc. v. Does 1-35,* No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006)).  To be clear, at this stage in the proceedings, the plaintiff is engaged in discovery to identify the proper defendants to be named in this lawsuit, including whether the exercise of jurisdiction over each potential defendant is

---

[10] The putative defendants argue that the plaintiff should have used freely available tools that extract the geolocation information embedded in each IP address in order to verify the putative defendants' location prior to filing claims in the District of Columbia.  While it may behoove the plaintiff to utilize tools to ascertain the general location of the putative defendants prior to filing its case, these lookup tools are not completely accurate and it does not resolve for the Court the question of whether personal jurisdiction would be proper.  Ultimately, the Court would still be unable to evaluate properly jurisdictional arguments until the putative defendants are identified and named.  *See Sony,* 326 F. Supp. 2d. at  567-68 ("Assuming personal jurisdiction were proper to consider at this juncture, the [publicly available IP lookup] techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located [outside this jurisdiction].  This, however, does not resolve whether personal jurisdiction would be proper.").

proper.  If and when the putative defendants are ultimately named in this lawsuit, the defendants

will have the opportunity to file appropriate motions challenging the Court's jurisdiction, and the

Court will be able to evaluate personal jurisdiction defenses and consider dismissal. Until that

time, however, dismissal under Rule 12(b)(2) is inappropriate.[11] *See London-Sire Records*, 542

F. Supp. 2d at 180-181 ("premature to adjudicate personal jurisdiction" and permitting plaintiff

to engage in jurisdictional discovery); *Sony*, 326 F. Supp. 2d. at 567-68 (same); *Virgin Records,*

2006 WL 1028956, at *3 ("Defendant's Motion to Quash is without merit [] because it is

premature to consider the question of personal jurisdiction in the context of a subpoena directed

at determining the identity of the Defendant," citing *Elektra Entm't Grp., Inc. v. Does 1-9*, No.

04-2289, 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); *UMG Recordings v. Does 1-199*,

No. 04-0093, slip op. at 2 (D.D.C. Mar. 10, 2004)). Accordingly, the putative defendants'

motions to dismiss based on a purported lack of personal jurisdiction are denied at this time.

## VI.    CONCLUSION

For the reasons stated above, the putative defendants have failed to demonstrate that the

plaintiff's subpoenas issued to ISPs should be quashed, that a protective order is necessary for

putative defendants, or that the putative defendants should otherwise be dismissed from this case

on the basis of improper joinder and a lack of personal jurisdiction. Accordingly, the following

motions to quash the plaintiff's subpoenas, motions to be dismissed from the lawsuit, and

motions for protective orders are denied: Brandon Lown, ECF No. 31; Mickey J. Viles, ECF No.

26; Donna Lynk, ECF Nos. 33, 42; Jerrydon Vidal, ECF No. 51; and Kumar Abhinay Rathore,

---

[11] A more expansive discussion regarding the personal jurisdiction issues involved in this case is contained in the
Court's Memorandum Opinion filed March 22, 2011, which addresses amici Electronic Frontier Foundation, Public
Citizen, American Civil Liberties Union Foundation, American Civil Liberties Union of the Nation's Capital's
contention that this case should be dismissed for lack of personal jurisdiction over the putative defendants. *Call of
the Wild Movie, LLC v. Does 1-1,062*, No. 10-cv-455, 2011 WL 996786 at *7-10 (D.D.C. Mar. 22, 2011).

ECF No. 55.  An Order consistent with this Memorandum Opinion will be entered.

**DATE: MAY 12, 2011**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge