**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CALL OF THE WILD MOVIE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA. 1:10-cv-00455-BAH |
| | ) | |
| JASON SMITH, JOSEPH SONKA, AND DOES 1 – 331 | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR ADDITIONAL EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS [Fed. R. Civ. P. 4(m)]**

I. INTRODUCTION

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"Call of the Wild"* (the "Movie"), over the Internet. At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

In its June 14, 2011 Minute Order, the Court granted Plaintiff's motion for an extension of time to name and serve Defendants to August 15, 2011. In its Second Amended Complaint, Plaintiff named two individual Defendants and 331 Doe Defendants. [Doc. No. 53] Plaintiff

1

served Defendant Jason Smith, who is now in default.  Plaintiff has voluntarily dismissed Defendant Joseph Sonka.  [Doc. No. 64]

As of the date of this motion, Plaintiff has received identifying information for all but one of the remaining 331 IP addresses.[1]  Identifying information for this IP address has been withheld based on the Doe Defendant purportedly filing a motion with the Court.  Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the remaining Doe Defendant in this case for an additional 60 days.

II. ARGUMENT

    A.    UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period."  Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended.").  Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in

---

[1] Concurrently herewith, Plaintiff is filing a notice of voluntary dismissal, without prejudice, of the 13 remaining IP addresses for which it has received identifying information and which Plaintiff does not wish to pursue in this jurisdiction.  On June 13, 2011, Plaintiff filed a notice of voluntary dismissal, without prejudice, of the other 317 IP addresses listed in the Second Amended Complaint.  [Doc. No. 60]

absence of good cause.  See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[2]

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001).  "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'"  Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them.  See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the

---

[2] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'"  Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

3

appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

      B.      PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff has good cause why it has not named and served the one remaining Doe Defendant. The identifying information for the following IP address has been withheld by the ISP because a motion was filed by the Doe Defendant:

| Host IP address | Date Time (UTC) | Related Title | ISP |
| --- | --- | --- | --- |
| 76.30.155.177 | 4/3/10 07:30:21 PM | Call of the Wild | Comcast Cable Communications, Inc. |

On May 12, 2011, the Court issued a memorandum opinion and order denying all pending motions filed by the Doe Defendants (Doc. Nos. 56, 57), and on April 19, 2011 the Court issued a Minute Order denying additional Doe Defendant motions. Plaintiff's counsel forwarded the Court's Orders to Comcast and requested the identifying information for the IP addresses withheld for motions. On August 12, 2011, Comcast provided Plaintiff with identifying information for IP addresses previously withheld for motions. However, Comcast has indicated that IP address 76.30.155.177 has recently re-filed a motion with the Court. Comcast is withholding identifying information for this IP address until resolution of the motion.

III. CONCLUSION

Plaintiff respectfully requests that the Court extend the time by which Plaintiff must name and serve the remaining Doe Defendant in this case. In an abundance of caution, Plaintiff requests at least an additional 60 days in which to effectuate service, voluntarily dismiss this Doe Defendant without prejudice, or show cause why the deadline to effectuate service should be further extended.[3]

Respectfully Submitted,

DATED:  August 15, 2011

        CALL OF THE WILD MOVIE, LLC

By:  /s/
Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*

---

[3] If the Court decides to deny Plaintiff's request to extend the time to serve the remaining Doe Defendant, Plaintiff requests that the Court order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).